IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR16-0076-LTS |
| vs. | **MEMORANDUM OPINION AND ORDER** |
| KELBIE LEONDARD STRUVE, | |
| Defendant. | |

_____

This matter is before me on defendant Kelbie Leonard Struve's pro se motion (Doc. 417) for compassionate release. On October 17, 2017, I sentenced Struve to 94 months' imprisonment after he pleaded guilty to conspiracy to methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. Doc. 341. Struve is 29 years old. According to the online Bureau of Prisons (BOP) database, he is incarcerated at FCI Pekin, in Pekin, Illinois, and has a projected release date of May 24, 2023.

Struve requests compassionate release because: (1) he is experiencing lingering COVID-19 symptoms post-infection[1]; (2) his term of incarceration has been substantially harder because of the COVID-19 pandemic; (3) he wants to help support his disabled mother and her two dependents; and (4) he has made rehabilitation efforts while incarcerated. Doc. 417 at 27-28.

---

[1] Commonly known as "long Covid." A.V. Raveendran, Rajeev Jayadevan, S. Sashidharan, *Long COVID: An Overview*, 15(3) Diabetes & Metabolic Syndrome 869, 869 (2021), DOI: 10.1016/j.dsx.2021.04.007. This term refers generally to people infected with COVID-19 who experience one or more symptoms at least three weeks or more after infection, regardless of the underlying cause. *Id*. at 870. Common long COVID symptoms are: "profound fatigue, breathlessness, cough, chest pain, palpitations, headache, joint pain, myalgia and weakness, insomnia, pins and needles, diarrhea, rash or hair loss, impaired balance and gait, neuro-cognitive issues including memory and concentration problems and worsened quality of life." *Id*. at 871.

The term "compassionate release" refers to 18 U.S.C. § 3582(c)(1)(A), which allows a defendant to directly petition a district court for a sentence reduction "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." If a defendant fully exhausts administrative remedies, the court may reduce the defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the court finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Rodd*, 966 F.3d 740, 748 (8th Cir. 2020).

Struve attached documentation to his motion showing that his request for compassionate release was denied by his warden. Doc. 417 at 15. Thus, I will assume he has exhausted his administrative remedies. However, I find that he has failed to allege extraordinary and compelling reasons justifying early release, even considering the COVID-19 pandemic and its impact on the BOP. Specifically, his medical conditions do not amount to extraordinary or compelling reasons justifying compassionate release. Struve argues his long COVID symptoms of shortness of breath (dyspnoea), dizziness, memory loss and restless sleep are factors, along with his family circumstances, justifying early release. Because Long COVID "is a new disease, the knowledge regarding long term effects and treatment options is still evolving."[2] Each instance of long COVID is individualized because the disease may be caused by different events and the incidence and intensity of symptoms varies greatly from person to person.[3] Thus, to determine whether long COVID is extraordinary and compelling in a particular case, I will look at

---

[2] Raveendran, *supra* note 1, at 872.

[3] *Long COVID (Post-Acute Sequelae of SARS CoV-2 infection, PASC)*, Yale Medicine, https://www.yalemedicine.org/conditions/long-covid-post-acute-sequelae-of-sars-cov-2-infection-pasc (last visited Mar. 30, 2022).

the individual symptoms and the impact they have on the defendant. In this case, Struve has not alleged that his symptoms of shortness of breath, dizziness, memory loss and restless sleep are unmanageable or otherwise affect his daily life in such a way as to rise to the level of extraordinary and compelling reasons.

As for his argument that he qualifies for compassionate release because he wants to help his disabled mother and her two dependents, he has not shown that his family's circumstances are so dire as to justify early release.[4] Being separated from family members, and thus being unable to provide care for them, is a natural and normal consequence of committing serious crimes. *See United States v. Mercer*, No. CR16-4005-LTS, Doc. 47 at 3 (N.D. Iowa Aug. 3, 2020). Finally, Struve's efforts at rehabilitation cannot alone constitute an extraordinary and compelling reason for release. *United States v. Fine*, 982 F.3d 1117, 1119 (8th Cir. 2020) (citing 28 U.S.C. § 994(t)).

Because Struve has failed to allege any extraordinary or compelling reason justifying compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), his motion (Doc. 417) is **denied**.[5]

---

[4] The United States Sentencing Guidelines compassionate release policy statement gives guidance for when family circumstances may constitute extraordinary and compelling circumstances: (1) "death or incapacitation of the caregiver of the defendant's minor child or minor children;" or (2) "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13(1)(C). Helping a parent is not a recognized reason under the Guidelines and, in any event, I do not find it to be extraordinary and compelling.

[5] Struve also argues that various 18 U.S.C. § 3553(a) factors weigh in favor of his release. Given the lack of extraordinary or compelling reasons, I need not consider the § 3553(a) factors.

**IT IS SO ORDERED.**

**DATED** this 31st day of March, 2022.

_____
Leonard T. Strand, Chief Judge

4

Case 1:16-cr-00076-LTS-MAR   Document 424   Filed 03/31/22   Page 4 of 4